IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CODY DECKER and UNITEDHEALTHCARE
INSURANCE COMPANY,

                     Plaintiffs,                            OPINION AND ORDER

   v.

                                                  25-cv-277-wmc

JIMMY TOMAINO and PLYMOUTH ROCK
PREFERRED CORPORATION,

                     Defendants.

This case is scheduled for a jury trial commencing on August 17, 2026, with an in-person final pretrial conference ("FPTC") now scheduled for August 6, 2026, and a FPTC scheduled for August 12, 2026, if needed.  At the initial, abbreviated FPTC held via Zoom on June 3, 2026, the court heard argument from the parties on those motions in limine (MILs) on which the court previously reserved (*see* dkt. #60), as well as other issues.  This order addresses the court's rulings during that conference.

## OPINION

### A.  Plaintiffs' MILs (dkt. #37)

#### 1.  MIL #1: Spoliation jury instruction regarding Tomaino's handwritten notes.

Plaintiffs ask that the court instruct the jury as to the spoliation or destruction of defendant Jimmy Tomaino's handwritten notes prepared immediately after the incident on July 16, 2022.  In its previous order, the court denied this motion and reserved as to whether or not the possible destruction of defendant's fairly contemporaneous, hand-written notes is an appropriate subject of cross-examination or argument by plaintiffs'

counsel. (Dkt. #60, at 1-3.) The court will allow a limited, telephonic deposition of Tomaino on the existence and subsequent destruction, if any, of his notes. Within two weeks of that deposition, plaintiffs may renew their spoliation motion if necessary, though at this point the court finds it unlikely that Tomaino acted in bad faith. At trial, plaintiff will be allowed to raise during cross examination and closing argument the fact that Tomaino had prepared handwritten notes that no longer exist.

2. **MIL #3: Preclude evidence or argument of plaintiff's prior conviction and civil lawsuits.**

This motion was previously granted as unopposed with respect to Decker's prior civil lawsuits and reserved with respect to Decker's criminal history, which the parties identified at the FPTC as including a 2014 felony conviction for assault with a deadly weapon and three misdemeanor convictions for writing fraudulent checks.

The motion is GRANTED as to the felony conviction because more than 10 years have passed since Decker's conviction and release. The court will RESERVE on any fraudulent check writing convictions and allow defendants until June 30, 2026, to file a copy of any formal judgments or other public records regarding those convictions, as well as brief the possible admissibility of those misdemeanor convictions. Plaintiffs shall have until July 14, 2026, to respond.

3. **MIL #4: Preclude evidence of Decker's leashing practices with respect to his own dogs.**

This motion is GRANTED for the reasons explained in the court's previous MIL order and confirmed at the FPTC. Specifically, the court finds that this evidence is not

sufficiently probative of what plaintiff and defendant knew about Koda, the dog in question in this case, and what actions they took as a result. Accordingly, evidence of Decker's own practices in handling and managing his dogs would be confusing to the jury and will not be admissible. If, at trial, defendants believe that plaintiffs have somehow opened the door by referring to Decker's practices with his dogs, they may raise the issue with the court outside of the presence of the jury.

4. **MIL #5: Preclude evidence or arguments about dogs being protective of their home and owner.**

This motion is DENIED. Decker's knowledge of general dog behavior, including that dogs may act protectively toward their owners or property, may be relevant to comparative negligence because it is probative of whether Decker exercised ordinary care for his own safety in entering Tomaino's campsite. Similarly, Tomaino's knowledge of general dog behavior, as well as Koda's specific behavior, is relevant to whether Tomaino used ordinary care to restrain and control Koda.

B. **Defendants' MIL #1 (dkt. #43): Limiting cumulative photographs of plaintiff's injuries.**

The court previously granted this motion in part, reserving as to any specific objections after plaintiffs filed a new, narrowed set of photographs. After reviewing plaintiffs' amended photograph exhibits (dkt. #62) at the FPTC, the court approved Exhibit #12 (dkt. #62-2) and instructed plaintiffs to further limit Exhibit #11 (dkt. #62-1) by removing three photographs showing Decker's tattoos (dkt. #62-1, at 3, 4, and 10) and choosing only one photograph depicting his chest injury on July 23, 2022 (*id.* at 13-

14).  If defendants have any further objections to the remaining pictures in the revised Exhibit #11 as modified by the court, they may raise those objections with the court at the in-person FPTC, after meeting and conferring with plaintiffs in advance.

## C.  Additional Issues

The court anticipates circulating the voir dire and jury instructions by July 15, 2026. The parties' redlined proposed changes, if any, will be due on or before July 31, 2026, along with any legal support for those changes.

Defendants' deposition designations for Tomaino and Decker (dkt. #50, at 2) are DEEMED WITHDRAWN AS MOOT, although either transcript may be used for purposes of proper impeachment during cross examination and only shown to the jury as a statement of a party opponent if first proffered by *opposing* counsel for the court's review (leaving the jurors' screens off) and displaying *only* the relevant questions and answers. With respect to William Bachman, plaintiffs' counter-designations are due on or before July 15, 2026, and defendants' reply is due on or before July 30, 2026.

## ORDER

IT IS ORDERED that:

1) Plaintiff's motions in limine ##1, 3, 4, and 5 (dkt. #37) are GRANTED IN PART, DENIED IN PART, and RESERVED IN PART as set forth above.

2) Defendants' motion in limine #1 (dkt. #43) is GRANTED IN PART and DENIED IN PART as set forth above.

3) With respect to plaintiff's motion in limine #3, defendants have until June 30, 2026, to file a brief on the admissibility of plaintiff Decker's misdemeanor convictions, and plaintiffs' response is due July 14, 2026.

4) Defendants' deposition designations of the parties are STRUCK AS MOOT, and as to non-party Bachman, are RESERVED as set forth above.

5) Except as set forth above, all other filing deadlines and court deadlines in this case remain unchanged.

Entered this 4th day of June, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge